UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKEY A. BEAVER,

    Plaintiff,

v.

STATE OF WASHINGTON *et al.*,

    Defendants,

Case No.  C08-5193RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR**:
**May 16, 2008**

This 42 U.S.C. § 1983 Civil Rights has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff brings this action challenging his current confinement and he also alleges that while he was housed at the King County Jail he was not given medication to aid him in sleeping (Dkt. # 3, proposed amended complaint). Having reviewed the proposed amended complaint in this action, and Plaintiff's litigation history, the court recommends this action be dismissed for failure to state a claim.  Plaintiff avoids a second strike under the Prison Litigation Reform act because he does not appear to currently be a prisoner.  He is currently housed at a mental health facility.

FACTS AND LITIGATION HISTORY

This is at least the second, and possibly the third time plaintiff has attempted to litigate the

REPORT AND RECOMMENDATION
Page - 1

1  constitutionality of the King County Jails policy not to provide narcotic medication as a sleep aid.  Plaintiff
2  alleges this claim was at issue in a 2001 case.  That case must have been <u>Beaver v Thompson</u>, 01-CV-
3  01318TSZ-JLW.  The case was settled by stipulation of the parties, but the terms of the settlement are not
4  part of the record.  Plaintiff also raised this issue in <u>Beaver v. King County</u>, 04-CV-0265RBL-JKA.  In that
5  case the court ruled the decision not to provide narcotic sleep medication to plaintiff was constitutional.
6  Mr. Beaver appealed the decision to the Ninth Circuit and the dismissal of his action was affirmed on
7  November 14, 2005 (Dkt # 56 <u>Beaver v. King County</u>, 04-CV-0265RBL-JKA).

8  In this action Mr. Beaver attempts to challenge his current incarceration.  As defendants he names a
9  Judge from the King County Regional Justice Center, an Assistant Prosecuting Attorney, and his Probation
10 Officer (Dkt # 3, proposed amended complaint).  Plaintiff directly challenges the constitutionality of his
11 confinement and the length of confinement.  His allegation includes challenging his transfer from Jail to
12 Western State Hospital.  Plaintiff does not allege his current custody has been overturned or declared
13 unconstitutional by way of direct appeal or through state or federal habeas corpus proceedings.

14 Plaintiff's second cause of action revolves around the time plaintiff was housed in the King County
15 Jail and Regional Justice Center Jail.  He alleges it was unconstitutional for the jail to refuse to prescribe
16 sleep medication to him when he had the prescription on the streets.  This is the same issue plaintiff raised
17 and lost in his 2004 case.  Plaintiff does not allege any actual physical injury (Dkt # 3, proposed amended
18 complaint).

19                                                    DISCUSSION

20 When a complaint fails to state a claim, or contains a complete defense to the action on its face, the
21 court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d).
22 <u>Noll v. Carlson</u>, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th
23 Cir. 1984)).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct
24 complained of was committed by a person acting under color of state law and that (2) the conduct deprived
25 a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt
26 v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327
27 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements
28 are present.  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020

(1986).

    A.    <u>Confinement, and current incarceration</u>.

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Id</u>. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)). The complaint fails to state a cause of action under 42 U.S.C. § 1983.

Plaintiff alleges his incarceration in King County Jail and transfer to Western State Hospital are unconstitutional. Were plaintiff to prevail, the decision would call into question the propriety of his current incarceration. Plaintiff must proceed in habeas corpus. This claim should be **DISMISSED WITHOUT PREJUDICE.**

    B.    <u>Sleep Medication</u>.

In the amended complaint plaintiff alleges the defendants were aware of his sleep problem because he had raised the issue in 2001 and in 2005 (Dkt. # 3). The court has reviewed its own files and found this issue was possibly raised in <u>Beaver v Thompson</u>, 01-CV-01318TSZ-JLW. The issue was definitely raised and litigated on the merits in <u>Beaver v. King County</u>, 04-CV-0265RBL-JKA. The court views the prior suit as definitive of this issue under the doctrine of res judicata. The court takes judicial notice of its own files.

REPORT AND RECOMMENDATION
Page - 3

In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies. <u>Blonder-Tongue Laboratories v. Univ. of Ill. Found.</u>, 402 U.S. 313, 323-24 (1971); <u>Davis Wright & Jones v. National Union Fire Ins. Co.</u>, 709 F.Supp. 196 (W.D.Wa.1989), <u>aff'd</u>, 897 F.2d 1021 (9th Cir.1990). This cause of action involves the same claim as the one raised and lost by plaintiff in <u>Beaver v. King County</u>, 04-CV-0265RBL-JKA. The claim is barred by the doctrine of res judicata. Further, plaintiff does not allege any physical injury.

Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. A *de minimis* physical injury is not sufficient to support a claim for mental or emotional suffering. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997); <u>Oliver v Keller</u>, 289 F.3d 623 (9th Cir. 2002).

Plaintiff requests monetary relief, "for emotional distress" (Dkt # 3). He does not allege any physical injury attributable to any named defendant. Defendants are entitled to dismissal prior to service. This would be **DISMISSAL WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 16, 2008**, as noted in the caption.

DATED this 22 day of April, 2008.

<u>/S/ *J. Kelley Arnold*</u>
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4